**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DEMIAN DOMINGUEZ, | Case No. 3:23-cv-00474-CLB |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | |
| DR. BENSON, *et al.*, | |
| Defendants. | [ECF Nos. 53, 54] |

Before the Court are two motions filed by Plaintiff Demian Dominguez, one to compel discovery, (ECF No. 53), and one to extend the discovery deadline, (ECF No. 54). For the reasons stated below, the motion to compel discovery is granted in part and denied in part, and the motion to extend the discovery deadline is granted in full.

## I.    MOTION TO COMPEL DISCOVERY (ECF No. 53)

The Court will first address Dominguez's motion to compel discovery. At the outset, the Court acknowledges that Dominguez's motion to compel was mistakenly categorized as discovery filed on the docket in violation of Local Rule IC 1-1(c)(12) and returned to him. (ECF No. 53.) As a result, Defendants were not on notice that Dominguez had filed a motion to compel and did not oppose the motion. Nevertheless, the Court has reviewed the motion and, rather than order Defendants to respond, grants the motion in part and denies in part based on the parties' stipulation.

In his motion, Dominguez asks the Court order Defendants to turn over a copy of his medical records as well as "the email communications for this case." (ECF No. 53 at 2-3.) Beginning with the medical records, it appears Dominguez's issue lies with his ability to access the records in prison, and not from Defendants' failure to turn them over. In a previously granted stipulation extending the discovery deadline, (ECF No. 52), Defendants agreed to mail Dominguez another copy of his medical records – and did so

on July 15, 2025 – because Dominguez believed they had been lost due to him being "transferred between facilities on several occasions." (ECF No. 52 at 4.)

Moreover, in his motion to compel, Dominguez notes that he is unable to review his medical records because the Warden is out on medical leave. (ECF No. 53 at 2.) This suggests that the Warden's Office has a copy of Dominguez's medical records and Dominguez's motion to compel is actually a request to be able to maintain his medical records in his cell. Pursuant to Nevada Department of Corrections Administrative Regulation ("AR") 639, Dominguez is not permitted to maintain any medical records in his cell. To the extent he believes he needs these records for this litigation, Dominguez should follow the steps set forth in AR 639 to review his records by sending a kite to the Warden's Office. That said, if in fact Defendants have failed to turn Dominguez's medical records over to him, Defendants are hereby ordered to produce Dominguez's medical records and file a notice with the Court confirming as much within fourteen days of this order.

Turning to the email communications, Dominguez asks that the Court order Defendants to turn over "the email communications from this case" because Defendant Benson and the prison's medical director are no longer employed by the Nevada Department of Corrections. (ECF No. 53 at 2-3.) According to Dominguez, because the two are no longer prison employees there is a risk that their communications "may not be available for very long." (ECF No. 53 at 2-3.) As the moving party, pursuant to Local Rule 26-6(b), Dominguez is required to set forth, *in full*, the text of the discovery originally sought and any response to it. Dominguez's motion includes no such text. Moreover, Dominguez makes no attempt at describing what specific emails or topics of discussion he is seeking, whether any of the emails may be privileged, or how the requested emails are relevant to his case. Accordingly, the Court denies Dominguez's motion to compel as to the email communications.

///

///

## II.    MOTION TO EXTEND THE DISCOVERY DEADLINE

The Court will now address Dominguez's motion to extend the discovery deadline. Defendants were on notice but filed no opposition. Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute consent to granting the motion. Accordingly, the Court grants Dominguez's motion to extend the discovery deadline.

Although Dominguez requested only a 60-day extension, (ECF No. 54 at 2), the Court *sua sponte* grants Dominguez a 90-day extension in light of the aforementioned docketing mistake related to his motion to compel. Thus, the amended deadlines are as follows:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Discovery Deadline | August 29, 2025 | December 1, 2025 |
| Dispositive Motion Deadline | September 29, 2025 | January 1, 2026 |
| Joint Pretrial Order Deadline (or 30 days following the entry of the court's ruling on a dispositive motion) | October 29, 2025 | February 1, 2026 |

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Dominguez's motion to compel, (ECF No. 53), is **GRANTED IN PART** and **DENIED IN PART**. As to Dominguez's medical records, insofar as Defendants have failed to turn the records over to Dominguez, they are required to do so and file a notice with the court confirming they have done so by **October 2, 2025**. As to the email communications, Dominguez's motion is **DENIED**.

**IT IS FURTHER ORDERED** that Dominguez's motion to extend the discovery deadline, (ECF No. 54), is **GRANTED**.

**DATED**: September 18, 2025.

**UNITED STATES MAGISTRATE JUDGE**

3